UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

JOHN VANNOY,

                              Plaintiff,

v.

THE FEDERAL RESERVE BANK
OF RICHMOND,

                             Defendant.

Action No. 3:13-CV-797

### MEMORANDUM OPINION

THIS MATTER comes before the Court on a Motion for a Protective Order to Cover Discovery and Plaintiff's Deposition, (ECF No. 16), and a Motion to Compel and for Further Protective Conditions Regarding Discovery, (ECF No. 18), by Plaintiff John Vannoy ("Plaintiff" or "Vannoy"). For the reasons below, the Motion for a Protective Order will be GRANTED and the Motion to Compel will be GRANTED.

### I. BACKGROUND

This case was removed to this Court from the Circuit Court of Fairfax County, Virginia on November 21, 2013. Plaintiff filed an Amended Complaint on December 20, 2013 against the Federal Reserve Bank of Richmond ("FRBR"). Vannoy alleges that Defendant violated the Americans With Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA") when it fired him on December 21, 2010.

#### A. Dispute Over the Protective Order

At the outset of discovery, the Parties recognized the need for a protective order regarding Vannoy's medical records and other related sensitive information. To that end, the Parties began negotiating a protective order. After extended negotiations, and a slew of email exchanges, the Parties were unable to come to an agreement as to the scope of a protective order. The primary dispute centered on Defendant's insistence that any protective order include,

or be accompanied by, medical releases executed by Vannoy. To date, the Parties have not agreed on a protective order and Vannoy has not signed any medical releases.

### B. Order of Discovery Dispute

Vannoy reports that FRBR's discovery responses were due by March 17, 2014. Pursuant to a desire to depose Vannoy prior to Defendant's disclosure of information and documents in discovery, on February 25, 2014, counsel for FRBR proposed deposition dates for the week of March 10. FRBR filed a notice of deposition of Vannoy for March 17, 2014 without confirming Vannoy or his counsel's availability. Vannoy's counsel declared that she and her client were unavailable on March 17. In repeated emails, Vannoy proposed March 19, and 21 as alternative dates. FRBR's counsel responded that he would agree to a later date so long as Vannoy agreed to extend the delivery date for FRBR's discovery responses to March 21. FRBR then cancelled the March 17 deposition. The Parties then negotiated a prospective agreement in which March 21 was recognized as the date for the deposition of Vannoy and the deadline for discovery responses. However, the Parties were unable to finalize the agreement or reduce the agreement to writing. FRBR filed an amended deposition notice scheduling Vannoy's deposition for March 21, 2014 and stating that FRBR's discovery responses would be due the same day. In response, Vannoy filed an "Objection To, and Correction Of, Defendant's Amended Deposition Notice," (Pl.'s Mot. for Protective Order, Ex. H), in which he contended that he did not agree to extend the deadline for FRBR's production of discovery responses. On March 20, FRBR postponed the March 21 deposition because the Parties had not reached an agreement on the content of a protective order.

### C. Complete Lack of Discovery

Vannoy represents that, despite the fact that he has properly filed notices of deposition, FRBR has refused to make Mattison Harris and Dr. Victor Brugh available. Further, Vannoy reports that FRBR has refused to provide Vannoy with its responses to discovery.

Vannoy moves the Court to: (1) order that Defendant deliver proper responses to the

discovery Vannoy served on February 12, 2014, to the offices of Vannoy's counsel at its expense, by April 21, 2014 (with leave for Vannoy to file another Motion to Compel if deemed necessary); (2) order Defendant to cooperate with Vannoy to reschedule the depositions of Mattison Harris and Dr. Victor Brugh at a time and date that are convenient to Vannoy, including a Saturday; (3) order that all discovery Vannoy has been denied to date shall be fully and fairly completed before Defendant is permitted to take Vannoy's deposition; (4) enter Vannoy's proposed Protective Order to govern discovery in this case; (5) find that Defendant's positions were not substantially justified and award Vannoy his reasonable expenses, including attorney's fees, incurred; and (6) all such further relief as is just and proper.

## II.  DISCUSSION

### A.  Motion for Protective Order

The Motion for a Protective Order will be GRANTED and the protective order proposed by the Plaintiff will be adopted by the Court. This result necessarily rejects Defendant's request that the Court order Plaintiff to sign medical releases before discovery proceeds. *See Fields v. W.V. State Police*, 264 F.R.D. 260, 263 (S.D.W. Va. 2010). Defendant must appeal to the Federal Rules of Civil Procedure to obtain such records.

### B.  Motion to Compel

Defendant essentially argues that the Parties reached an agreement where FRBR would accommodate Vannoy's inability to attend a March 17 deposition by rescheduling the deposition for March 21 so long as Vannoy consented to receiving discovery responses on March 21. The Parties each assert that the other was the cause of the subsequent cancellation of the March 21 deposition of Vannoy. Regardless, in light of the absence of an agreement by the Parties regarding an extension of the date by which Defendant must produce its discovery responses, FRBR must act according to the Federal Rules of Civil Procedure. As such, Defendant will be ORDERED to respond to discovery or file objections to the same by April 23, 2014.

It is clear that the Parties in this case have experienced a massive break down in civil

communications. Defendant, however, has offered little in the way of reasoning as to why he has unilaterally ground discovery to a halt. This discovery dispute is a classic example of why the Federal Rules of Civil Procedure are so important. If a discovery request is inappropriate, the Rules require an objection. If there is an objection to a deposition based on the date, time, and inconvenience of the party to be deposed or the sequence of depositions, there are rules that speak to how these situations should be brought the Court for resolution. Ignoring a valid discovery notice or resorting to self-help to coerce a resolution are not options available under the Rules. Either path may lead to Rule 37 sanctions. Accordingly, Defendant will be ORDERED to make Dr. Victor Brugh and Mattison Harris available for deposition within twenty-one (21) days of the date of this Order, including Saturday if a week day is not subject to agreement, on a date mutually convenient for the Parties. Similarly, Plaintiff Vannoy will be ORDERED to make himself available for deposition within twenty-one (21) days of the date of this Order, including Saturday if a week day is not subject to agreement, on a date mutually convenient for the Parties. Otherwise, the Parties will be ORDERED to resume discovery as normal.

Plaintiff has made a request for fees under Rule 37. To that effect, Plaintiff submitted in open court an affidavit attesting to her reasonable attorneys' fees and costs. Defendant has not had the chance to respond to the request. As such, Defendant shall have ten (10) days from the date of this Order to respond to the requested fees and costs therein.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this ___18th_____ day of April 2014.