UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

JOHN VANNOY,

                                                  Plaintiff,

v.

THE FEDERAL RESERVE BANK                          Action No. 3:13-CV-797
OF RICHMOND,

                                                  Defendant.

## MEMORANDUM OPINION

THIS MATTER comes before the Court on a Motion to Quash (ECF No. 30) by Chesterfield Community Services Board ("CSB") and a Motion to Quash Subpoenas to His Medical Providers or, Alternatively, To Limit Them to the Scope of Proper Discovery (ECF No. 34) by Plaintiff John Vannoy ("Plaintiff" or "Vannoy"). For the reasons below, the Court will DENY CSB's Motion and DENY IN PART Vannoy's Motion.

This case was removed to this Court from the Circuit Court of Fairfax County, Virginia on November 21, 2013. Plaintiff filed an Amended Complaint on December 20, 2013 against the Federal Reserve Bank of Richmond ("FRBR" or "Defendant"). Vannoy alleges that Defendant violated the Americans With Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA") when it fired him on December 21, 2010.

### I.      PLAINTIFF'S MOTION TO QUASH

### A. BACKGROUND

On January 30, 2014, Vannoy served initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A). In the disclosures, Vannoy identified health care providers likely to have discoverable information that he may use to support his claims including: Dr. Victor Brugh ("Brugh"), FRBR's former Medical Director of its Health Services Unit ("FRBR Health Services"); and three other treating health care providers—Aleksandra Jankowska ("Jankowska"), Dr.

Radhika Sriram ("Sriram"), and Mimi Kline ("Kline"). Vannoy's initial disclosures also indicated that he may rely upon medical records regarding his mental and physical health, care, and treatment to support his claims.

On February 25, 2014, FRBR's counsel requested that Vannoy sign releases for medical records and psychotherapy notes for FRBR Health Services, Jankowska, Sriram, Kline, and Commonwealth Primary Care—the medical practice where Dr. David Stein ("Stein") works. Vannoy has not signed any medical releases, thus, necessitating FRBR's instant subpoenas.

On April 22, 2014, FRBR served by mail a notice ("Notice") to Vannoy's counsel along with copies of six subpoenas directed at health care providers identified by Vannoy has having treated him for his alleged disabilities and/or serious health conditions. The subpoenas directed at FRBR Health Services, Jankowska and Sriram at Chesterfield County Mental Health Support Services ("CCMHSS"), and Stein, were served on April 23. The subpoena directed at Jankowska at her private practice was served on April 28. Responses to the subpoenas were due by May 8. FRBR was unable serve the subpoena to Kline for several days. In an effort to ensure that Kline would have sufficient time in which to respond to the subpoena after service, FRBR reissued a subpoena with a later deadline. Vannoy represents that the notices and copies of the subpoenas to Vannoy's medical providers were not received in the office of Vannoy's counsel until April 28, 2014. On April 28, FRBR's counsel served a second notice and a copy of the revised subpoena on Vannoy's counsel. The revised subpoena directed at Kline was served on April 30.

On April 29, Vannoy served Expert Designations by mail upon FRBR's counsel, identifying Jankowska, Sriram, and Kline as potential expert witnesses on his behalf. (ECF No. 38 Ex. 4). According to Vannoy's disclosures, Jankowska and Sriram are both expected to testify about their treatment, evaluations, and opinions of Vannoy's emotional and psychological condition, based upon their treatment of him. In addition, both are expected to testify about, and explain their records relating to, Vannoy. Similarly, Kline is expected to testify about her treatment, evaluations, and opinions of Vannoy's emotional and psychological condition. In all,

Vannoy's Expert Designations set forth nine pages summarizing the anticipated testimony of Jankowska, Sriram, and Kline relating to their treatment of Vannoy.

On May 7, having received a copy of FRBR Health Services's subpoena response, FRBR's counsel notified Vannoy's counsel that a copy of the records would be made available for inspection and copying the following morning in response to Vannoy's discovery request seeking copies of these records. Later that day, Vannoy moved to quash all subpoenas issued by FRBR. The next day, Vannoy's counsel copied the FRBR Health Services file. Vannoy's counsel used the FRBR Health Services file extensively during Brugh's deposition on May 14, 2014.

On May 7, 2014, Plaintiff filed the instant Motion. Plaintiff requests that, if the subpoenas are not quashed, they should be modified so that FRBR has access only to properly discoverable information. FRBR filed its opposition on May 20, 2014. FRBR requests that Vannoy's counsel be required to pay FRBR's attorneys' fees incurred in responding to his Motion to Quash, that Vannoy be ordered to make himself available for an additional day of deposition once FRBR has received and had an opportunity to review the medical records, that FRBR be permitted to amend its expert disclosures, if any, upon review of the medical records, and for such further relief as the Court deems just and proper. Plaintiff filed his reply on May 29, 2014.[1] Vannoy contends that of the six subpoenas at issue in Vannoy's Motion to Quash, as a practical matter his objection applies only to two—those addressed to Stein and Kline. Vannoy objects to the subpoena directed at Stein because it would obtain information going back sixteen years, which he argues is a time frame that is unreasonably broad. Similarly, Kline reportedly treated Vannoy since 1999, and Vannoy argues that that such a time frame is unreasonably broad. Vannoy objects to Defendant's Rule 34 Request only to the extent that a document might relate to a medical issue but constitute a work product document, or reflect an attorney client privileged notation. Vannoy moves the Court to grant the following relief:

1. Quash all subpoenas Defendant served to date as defective under Rule 45;

---

1 Plaintiff untimely filed his Reply. Despite this fact, the Court will consider his brief.

2. Order Defendant to perform Rule 45 service on Vannoy for each subpoena it issues in the future, whether the subpoena is directed to a medical provider or anyone else. Service on Vannoy means that a copy is delivered to the office of Vannoy's counsel (actual prior notice) before Defendant serves the subpoena on the recipient;

3. Order that any subpoena to a medical provider may seek information only from 2005 forward, unless the parties otherwise agree in writing; and

4. Order the Defendant to deliver a copy of all documents it obtains by subpoena to the office of Vannoy's counsel within 5 days of receiving the documents.

(Pl.'s Reply 6-7). This matter is now ripe for review.

### B. DISCUSSION

### 1.Motion to Quash in General

FRBR states that it mailed notices and copies of the relevant subpoenas to Vannoy on April 22, 2014 pursuant to Federal Rule of Civil Procedure 5(b)(2)(C). Vannoy argues that Rule 45(b)(1) includes its own definition of how to "serve" a subpoena and that dropping it in the U.S. mail is not an option. Vannoy represents that notice and copies of the subpoenas to his medical providers were not received in the office of Vannoy's counsel until April 28, 2014. Vannoy's counsel complains that with a return date of May 8, she had only seven business day to review a stack of six subpoenas, try to contact someone at each facility that was served, and determine how to object or otherwise respond.

Rule 45(b)(1) was clarified in 2007 to specify that notice must be served before the subpoena is served on the witness. Fed. R. Civ. P. 45 advisory committee's note. The 2007 amendment moved the notice requirement to a new provision in Rule 45(a), which now requires that the notice include a copy of the subpoena. *Id.* Rule 45(a)(4) currently provides that "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

4

In support of her argument, Vannoy cites to two cases in which a party completely failed to provide notice to an opposing party prior to, or contemporaneous with, issuance of a subpoena to a non-party. *See Butler v. Biocore Med. Techs., Inc.*, 348 F.3d 1163, 1173 (10th Cir. 2003); *Schweizer v. Mulvehill*, 93 F. Supp. 2d 376, 412 (S.D.N.Y. 2000). While instructive, neither case has similar facts to the case at bar.

In a factually similar case, defendants stated that a plaintiff provided subpoenas to be served on a non-party to a process server on October 22, 2013, but failed to provide copies of the subpoenas to the defendants until October 23, 2013 by email. *Thirkield v. Hunter*, CIV.A. No. 12-40110-TSH, 2013 WL 6572392, at *2 (D. Mass. Dec. 12, 2013). The plaintiff, however, represented that she served notice and copies of the subpoenas by regular mail on October 22, 2013 and only sent an email to the defendants as a courtesy. *Id.* The district court held that no procedural error existed. *Id.* Here, FRBR mailed notice and copies of the subpoenas on April 22, 2014, and served the subpoenas after that date. *Biocore Med. Techs., Inc.*, 181 F.R.D. at 666 ("Rule 5(b) provides that a party can make service either by delivery or mail to the opposing party's attorney. . . . When service is by mail, it is complete upon mailing.") (internal citations omitted); *see also* Fed. R. Civ. P. 5(a)(1)(C) (regarding service of discovery papers required to be served on a party). As such, no procedural error took place, and this Court may address the merits of the subpoenas at issue.

Even if this Court were to hold that Vannoy's service was improper, "[d]elayed service alone, however, is not a basis to quash a subpoena. The objecting party must also demonstrate prejudice." *Mayor & City Council of Baltimore v. Unisys Corp.*, No. CIV. JKB-12-614, 2013 WL 6147780, at *3 (D. Md. Nov. 21, 2013). Plaintiff's instant Motion to Quash effectively establishes that his counsel received enough notice to allow her the opportunity to move to quash the

subpoenas at issue: those requesting documents from Kline and Stein.[2] Plaintiff, therefore, has not been prejudiced by any perceived technical violation of Rule 45, and the Court may address the merits of Plaintiff's motion. *See Black v. Kyle-Reno*, No. 1:12-CV-503, 2014 WL 667788, at *2 (S.D. Ohio Feb. 20, 2014).

## 2.   Scope of the Subpoenas

Vannoy objects to Stein's subpoena because it would obtain information going back sixteen years. Similarly, Vannoy objects to the subpoena directed at Kline because she has treated Vannoy since 1999. Vannoy does not object to the subpoena directed at CSB because its records only exist from 2013. Vannoy objects to Defendant's Rule 34 Request only to the extent that a document might relate to a medical issue but constitute a work product document or reflect an attorney client privileged notation. Vannoy moves the Court, without support, to limit the scope of all subpoenas to medical providers to information after 2005.

As FRBR aptly notes:

> In an action under the ADA, a plaintiff's medical history is relevant in its entirety. It is impossible to answer the most basic questions, such as whether the plaintiff was generally foreclosed from similar employment by reason of a major life activity impairment, or otherwise qualified given a reasonable accommodation, or what a reasonable accommodation would have been, without full and complete access to the plaintiff's medical records. And since a defendant is entitled to defend the ADA action by claiming that plaintiff's inability to work without accommodation is the result of something other than the claimed disability, discovery along such lines must also be permitted.

*Butler v. Burroughs Wellcome, Inc.*, 920 F. Supp. 90, 92 (E.D.N.C. 1996). Additionally, as FRBR notes, Vannoy seeks damages for alleged "emotional pain, suffering, and inconvenience, mental anguish and loss of enjoyment of life." (Compl. ¶ 36). FRBR correctly argues that it is entitled to Vannoy's medical records in order to determine if any prior event may affect his demand for damages. *EEOC v. Dolgencorp, LLC*, No. 1:09CV700, 2011 WL 1260241, at *13 (M.D.N.C. Mar. 31, 2011) (collecting cases in the Fourth Circuit in which courts have held that defendants were

---

2 In his Reply, Plaintiff informed the Court that subsequent subpoenas have been served on St. Mary's Hospital, Diamond Healthcare of James County (Williamsburg Place), Williamsburg Wellness, and Tucker Pavilion at Chippenham Hospital.

entitled to discovery of plaintiffs' medical records where the plaintiffs placed their mental condition at issue by seeking compensatory damages for emotional distress, pain and suffering, or mental anguish). Further, Vannoy has not met his burden to show that these records are not relevant. For these reasons, the Court will DENY IN PART the Motion to Quash.

Vannoy was employed at FRBR from 1994 to 2010. (Compl. ¶ 4). Vannoy stated that he suffered from depression for a number of years but does not give an exact number. (*Id.* ¶ 5). Vannoy, however, moved the Court to limit the scope of the subpoenas to 2005. It appears that FRBR does not currently request any medical information from any time prior to 1998. That being said, the Court will limit the scope of current and future subpoenas to dates after 1994—the year that Vannoy began his employment at FRBR.

## II.     CSB'S MOTION TO QUASH

### A. Background

On April 29, 2014, Vannoy served his Expert Designations, identifying four individuals that he may call to testify as experts on his behalf at trial, including Jankowska and Sriram. FRBR reports that, according to Vannoy's Expert Designations, Jankowska and Sriram are two of Vannoy's treating health care providers. Among other things, Jankowska and Sriram are both expected to testify about their treatment, evaluations, and opinions of Vannoy's emotional and psychological condition, based on their education, experience, and work with him. FRBR argues that, as such, Vannoy has identified Jankowska and Sriram as having discoverable information that he may use to support his claims. (Def.'s Opp'n Ex. 1). FRBR represents, upon information and belief, that Jankowska works both at CCMHSS and in private practice and that it was unclear in which capacity she treats/treated Vannoy. FRBR contends that only Jankowska's records at CCMHSS are at issue in CSB Motion to Quash. Vannoy's initial disclosures also indicate that he may rely upon medical records regarding his mental and physical health, care, and treatment to support his claims. After serving notice and copies of the subpoenas upon Vannoy's counsel, FRBR served subpoenas, along with copies of the Court's Protective Order, on the health care

providers including Jankowska and Sriram.

On April 29, 2014, CSB moved to quash the subpoenas directed at Jankowska and Sriram, asking the Court to either quash the subpoenas or enter an Order with findings permitting disclosures. FRBR opposed the motion on May 13, 2014.

### B. Discussion

CSB does not challenge the substance of the subpoenas or the relevance of the information they seek; rather, CSB's motion to quash is based on two arguments: (1) that the Public Health Service Act prohibits CSB from releasing the records absent an Order from this Court specifically setting forth certain findings, and (2) that Virginia Code § 32.1-127.1:03(H)(6) prevents it from releasing Vannoy's medical records absent a determination by from this Court that "good cause" exists to release the records.

### 1. The Public Health Service Act

Substance-abuse treatment records are protected and may be disclosed upon a showing of good cause. 42 U.S.C. § 290dd–2(a), 2(b)(2)(C). A court may order disclosure "in connection with litigation or an administrative proceeding in which the patient offers testimony or other evidence pertaining to the content of the confidential communications." 42 C.F.R. § 2.63(a)(3). Where the confidential information is sought for noncriminal purposes, the court may enter an order authorizing disclosure if the court determines that good cause exists. 42 C.F.R. 2.64(d). A good cause determination requires that a court find that: (1) "[o]ther ways of obtaining the information are not available or would not be effective," and (2) "[t]he public interest and need for the disclosure outweigh the potential injury to the patient, the physician-patient relationship and the treatment services." 42 C.F.R. § 2.64(d).

The Court finds that the sought-after information may be disclosed because litigation is clearly taking place. Further, the Court finds that Vannoy has put his treatment at issue by asserting an ADA and FMLA claim and by seeking damages for emotional distress, thus, satisfying 42 C.F.R. § 2.63(a)(3). Good cause is established because: (1) FRBR has no other way

8

of obtaining relevant information, and (2) the public interest and need for the disclosure outweighs the potential injury to the patient, the physician-patient relationship, and the treatment services. As stated previously, Vannoy has placed his mental health at issue by asserting damages including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life. Additionally, Vannoy has placed the relevant information at issue by electing to use Jankowska and Sriram as experts. *See Doe v. Marsh,* 899 F. Supp. 933, 935 (N.D.N.Y. 1995) (ordering disclosure under the Public Health Service Act because plaintiff "may not have it both ways and claim damages yet seek to conceal evidence which may very well pertain directly to his claim").

### 2. The Virginia Health Records Privacy Act

"The statutes authorizing [the Public Health Service Act] do not preempt the field of law which they cover to the exclusion of all State laws in that field. If a disclosure permitted under these regulations is prohibited under State law, neither these regulations nor the authorizing statutes may be construed to authorize any violation of that State law." *Megonnell v. Infotech Solutions, Inc.,* CIV.A. No. 1:07-CV-02339, 2009 WL 3857456, at \*3-4 (M.D. Pa. Nov. 18, 2009) (citing 42 C.F.R. § 2.20).

The Virginia Health Records Privacy Act ("VHRPA") "recognize[s] an individual's right of privacy in the content of his health records." Va. Code § 32.1-127.1:03 (2010). Under the VHRPA, "no health care entity . . . may disclose an individual's health records" without permission from the patient or other legal authorization. *Id.* To support a finding of good cause to release protected health information, the Court must consider:

> (i) the particular purpose for which the information was collected; (ii) the degree to which the disclosure of the records would embarrass, injure, or invade the privacy of the individual; (iii) the effect of the disclosure on the individual's future health care; (iv) the importance of the information to the lawsuit or proceeding; and (v) any other relevant factor.

Va. Code § 32.1-127.1:03(H)(6). As stated previously, the information sought is relevant and central to this litigation. There is little risk of injury or embarrassment because Vannoy intends

to use the information related to his medical experts to establish wrongdoing and/or harm on the part of FRBR. No party has made a showing of any adverse effects to Vannoy's healthcare. As such, the Court finds that there is good cause to order CSB to release Vannoy's health information and DENY CSB's Motion to Quash.

### III. Conclusion

For the foregoing reasons, the Court will DENY IN PART Vannoy's Motion to Quash and DENY CSB's Motion to Quash. Because FRBR did not make a showing that sanctions are necessary in this matter, the Court will DENY FRBR's request for attorney's fees. The Court declines to rule on Vannoy's availability for deposition or the prospect of FRBR amending its expert disclosures until an actual motion is before the Court. Lastly, the Court will DENY as unsupported Vannoy's request that it order FRBR to deliver a copy of all documents it obtains by subpoena to the office of Vannoy's counsel within five days of receiving the documents.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record. An appropriate Order shall issue.

/s/
James R. Spencer
Senior U. S. District Judge

ENTERED this ___9th___ day of June 2014.

10